NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3040

REX L. SMART,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Rex L. Smart, of Kanab, Utah, pro se.

Jeffrey A. Gauger, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent.  With him on the brief were B. Chad Bungard, General Counsel, and Keisha Dawn Bell, Deputy General Counsel.

Appealed from:  Merit Systems Protection Board

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3040

REX L. SMART,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Petition for review of the Merit Systems Protection Board
in DE0752080232-I-1.

_____

DECIDED:  July 9, 2009

_____

Before NEWMAN, CLEVENGER, and BRYSON, <u>Circuit Judges</u>.

PER CURIAM.

## DECISION

Rex L. Smart petitions for review of a decision of the Merit Systems Protection Board dismissing his appeal for lack of subject matter jurisdiction.  We <u>affirm</u>.

## BACKGROUND

Mr. Smart was employed as a field office manager by the Bureau of Land Management, an agency within the Department of Interior.  On December 27, 2007, the county attorney for Kane County, Utah, brought criminal charges against Mr. Smart for

the kidnapping, sexual assault, and attempted rape of a child. The Bureau of Land Management subsequently notified Mr. Smart of its intention to suspend him without pay until the criminal charges had been resolved. In his response to the Bureau's notice, Mr. Smart maintained his innocence of the charged offenses and sought to be placed on "paid administrative leave until the judicial case is resolved or I apply for retirement, whichever comes sooner." Shortly thereafter, the Bureau issued its final decision indefinitely suspending Mr. Smart, effective February 3, 2008. Mr. Smart retired on February 2, 2008, before the indefinite suspension took effect.

Mr. Smart appealed his suspension to the Merit Systems Protection Board, claiming that the Bureau had acted without reasonable cause to suspect criminal activity and that the criminal charges lacked a nexus to his employment. The administrative judge who was assigned to the case issued an order to show cause why the appeal should not be dismissed for lack of jurisdiction. The order to show cause informed Mr. Smart that the Board could not entertain his appeal unless he alleged facts sufficient to establish that his retirement was involuntary. After receiving the parties' submissions on that issue, the administrative judge dismissed the appeal on jurisdictional grounds. Mr. Smart petitioned for review before the full Board, but the petition was denied. This petition followed.

## DISCUSSION

Mr. Smart challenges the Board's decision that his allegations of coercion and duress are insufficient to support its jurisdiction over his appeal. To establish involuntariness on the basis of coercion or duress, Mr. Smart must allege that (1) the Bureau effectively dictated the terms of his retirement, (2) he had no realistic alternative

but to retire, and (3) his retirement was the result of improper actions by the Bureau. Garcia v. Dep't of Homeland Sec., 437 F.3d 1322, 1329 (Fed. Cir. 2006) (en banc).

Mr. Smart argues that he had no choice but to retire because an indefinite suspension would have placed him "in a situation of no income, no health or life insurance whatsoever." We have rejected the sufficiency of allegations such as those, noting that a resignation or retirement is not rendered involuntary merely because the petitioner "was faced with an inherently unpleasant situation in that her choice was arguably limited to two unpleasant alternatives." Christie v. United States, 518 F.2d 584, 587 (Ct. Cl. 1975); see also Garcia, 437 F.3d at 1329; Staats v. U.S. Postal Serv., 99 F.3d 1120, 1123 (Fed. Cir. 1996). Mr. Smart could have remained in his position and challenged the suspension in a Board appeal. Mr. Smart's allegations as to why his retirement was coerced are of such a general character that, if such allegations were deemed sufficient to establish involuntariness, virtually any petitioner faced with the prospect of removal or suspension could resign or retire and invoke Board jurisdiction by claiming that his resignation or retirement was involuntary.

We also reject Mr. Smart's claim that the Bureau was attempting to coerce him into retiring. According to Mr. Smart, the Bureau's coercive tactics are evidenced by a passing reference to his retirement eligibility in the Bureau's final decision. But Mr. Smart precipitated the discussion of the possibility of his retirement when he suggested that he should be placed on "paid administrative leave until the judicial case is resolved or I apply for retirement, whichever comes sooner." Indeed, the allegedly coercive remark was prefaced by the words "Regarding your reference to applying for retirement." In any event, the Bureau's decision to inform Mr. Smart of an "option that it

2009-3040                                    3

was under no obligation to provide, one that offered benefits" to Mr. Smart, was not coercive in any sense. See Parrott v. Merit Sys. Prot. Bd., 519 F.3d 1328, 1335 (Fed. Cir. 2008).

As further evidence of coercion, Mr. Smart points to the Bureau's decision to give him only seven days to respond to the proposed indefinite suspension. An employing agency, however, is statutorily authorized to require any response to a proposed personnel action to be filed within seven days. 5 U.S.C. § 7513(b)(2). We find no impropriety in the Bureau's decision to require a response to be filed within the period expressly authorized by statute.

Although Mr. Smart has asserted several grounds for challenging the merits of the Bureau's decision to place him on indefinite suspension, those issues were not before the Board and they are not properly before us. With respect to the threshold jurisdictional question as to whether Mr. Smart's retirement was involuntary, it is sufficient that the Bureau had an "arguable basis" for placing Mr. Smart on indefinite suspension pending the outcome of the criminal proceedings. See Christie, 518 F.2d at 588; see also Terban v. Dep't of Energy, 216 F.3d 1021, 1027 (Fed. Cir. 2000); Schultz v. U.S. Navy, 810 F.2d 1133, 1136-37 (Fed. Cir. 1987). We therefore express no opinion on the merits of Mr. Smart's appeal (or the criminal charges against him) and limit our discussion to the jurisdictional question, i.e., whether the Bureau had any reasonable basis for initiating suspension proceedings against Mr. Smart.

To suspend an employee with less than 30 days notice, "the agency must have reasonable cause to believe that the employee committed a crime for which a sentence of imprisonment could be imposed, 5 U.S.C. § 7513(b)(1), and the suspension must

promote the efficiency of the service, 5 U.S.C. § 7513(a)." <u>Dunnington v. Dep't of Justice</u>, 956 F.2d 1151, 1153 (Fed. Cir. 1992). Mr. Smart argues that the Bureau's reliance on the allegations in the information filed against him was misplaced and that the Bureau should have awaited a grand jury indictment, or other similarly formal proceeding, before suspending him. In <u>Dunnington</u>, however, this court held that "a formal judicial determination made following a preliminary hearing, or an indictment following an investigation and grand jury proceedings," is not necessary to sustain an agency's indefinite suspension on the basis of suspected criminal conduct. While it is true that "the mere fact of an arrest by the police is not, in and of itself, sufficient to provide reasonable cause under § 7513(b)(1)," <u>id.</u> at 1157, neither <u>Dunnington</u> nor any other decision of this court has held that the charges in a criminal information, a formal judicial document filed by the prosecutor, cannot suffice to meet the agency's burden of establishing reasonable cause to believe the employee committed the charged crime. Because the Bureau's decision to suspend Mr. Smart based on the information did not violate clearly established law, the Bureau would have had an arguable basis for defending the indefinite suspension in a jurisdictionally proper Board appeal. His retirement is therefore not rendered involuntary on the ground that the agency had no arguable basis for proceeding against him.

With respect to the question whether the suspension promoted the efficiency of the service, Mr. Smart has not alleged that the Bureau erred in relying on the Interior Department's established policy of indefinitely suspending any "employee who has been arrested with or without a warrant and held for further legal action by a magistrate court or indicted by a grand jury for a serious crime." Department of Interior Manual on

Discipline and Adverse Actions, 370 DM 752, §1.7(C)(1)(b) (2006).  Moreover, Mr. Smart does not dispute that the media coverage of his arrest was intense, that he had lost the trust and confidence of his supervisors, and that public confidence in the Bureau would be undermined if he were retained as a paid employee.  See Pararas-Carayannis v. Dep't of Commerce, 9 F.3d 955, 958 (Fed. Cir. 1993) ("petitioner's prominent position and the media coverage further support the agency's finding of a nexus"); Dunnington, 956 F.2d at 1158 (petitioner had "lost the confidence" of his supervisors).  Under the circumstances, we cannot say that the Bureau lacked any reasonable basis for finding a nexus between the pending criminal charges and Mr. Smart's employment.

Accordingly, we uphold the Board's dismissal of Mr. Smart's appeal for lack of jurisdiction.